OWENS, McCREA LINSCOTT PLLC
Regina M. McCrea, ISB No. 6845
6500 N. Mineral Drive, Suite 103
Coeur d'Alene, ID  83815
Telephone: (208) 762-0203
Email:  rmccrea@omllaw.com

MORGAN, LEWIS & BOCKIUS LLP
Debra L. Fischer (*Admitted Pro Hac Vice*)
Seth M. Gerber (*Admitted Pro Hac Vice*)
2049 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone: (310) 907-1000
Facsimile: (310) 907-1001
Email: *debra.fischer@morganlewis.com*
       *seth.gerber@morganlewis.com*

Attorneys for Defendant Lee Tilleman

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIBBLE & PRENTICE HOLDING COMPANY, d/b/a USI INSURANCE SERVICES NORTHWEST,<br><br>Plaintiff,<br><br>vs.<br><br>LEE TILLEMAN,<br><br>Defendant. | Case No. 3:21-cv-00083-BLW<br><br>AMENDED STIPULATED PROTECTIVE ORDER |

      One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

      The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action involves restrictive covenants, competitive issues, and alleged confidential

AMENDED STIPULATED PROTECTIVE ORDER -1

business information and alleged trade secrets. The parties expect to exchange documents and information that the producing party believes constitutes trade secrets or confidential, private, and proprietary information, the disclosure of which could cause injury or damage to the parties or third parties. The parties agree that the entry of this Amended Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

## I.    CONFIDENTIAL INFORMATION AND DOCUMENTS

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding or in the proceedings styled as *Kibble & Prentice Holding Co. d/b/a USI Insurance Services Northwest v. Vanessa Anderson*, Minnesota District Court for the County of Washington Case No. 82-CV-21-619 ("Anderson Action"), and *Michael Aitkin v. USI Insurance Services, LLC, et al.*, United States District Court for the District of Oregon Case No. 21-02067 ("Aitkin Action"). Any documents, testimony, and other materials produced in this case labeled "Confidential" or "Attorneys' Eyes Only" and used in either the Anderson Action or the Aitkin Action must be treated as "Confidential" or "Attorneys' Eyes Only" information in those actions, consistent with the restrictions on such designated materials set forth in this order.

2. Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case, the Anderson Action and the Aitkin Action, and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming

AMENDED STIPULATED PROTECTIVE ORDER -2

that such information or document was lawfully obtained through means and sources outside of this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.

4. If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

> CONFIDENTIAL
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSEPERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVEORDER.
>
> *Or*
>
> ATTORNEYS' EYES ONLY
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYESONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THEPROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall

AMENDED STIPULATED PROTECTIVE ORDER -3

file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and designating party does not file, within ten business days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5. Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6. "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons involved in this action, the Anderson Action and the Aitkin Action, who agree to be bound by the terms of this Protective Order, unless additionalpersons are stipulated by counsel or authorized by the Court:

    a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

AMENDED STIPULATED PROTECTIVE ORDER -4

   b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

   c. Any party to this action, the Anderson Action or the Aitkin Action, who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation or the Anderson Action or the Aitkin Action.

   d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation or the Anderson Action or the Aitkin Action, but only to the extent necessary to further the interest of the parties in this litigation or the Anderson Action or the Aitkin Action.

   e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action, or the Anderson Action or the Aitkin Action.

   f. The authors and the original recipients of the documents (including written correspondence).

   g. Any court reporter or videographer reporting a deposition.

   h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action, or the Anderson Action or the Aitkin Action.

   i. Deposition witnesses during the deposition.

8. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(g), 7(f), 7(h), and 7(i) <u>involved in this action, the Anderson Action and the Aitkin Action</u>, unless additional persons are stipulated by counsel or authorized by the Court.

9. Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 7(c), 7(d), 7(i), or 7(h)

AMENDED STIPULATED PROTECTIVE ORDER - 5

shall agree to be bound by the terms of this Order by signing the agreement attached as ExhibitA.

10. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is shown to a deposition witnesses during the deposition in accordance with paragraph 7(i), the witness shall not be provided with copies of documents containing the "Confidential or "Attorneys' Eyes Only" material to retain after the deposition, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, which shall not be retained. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

11. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless

AMENDED STIPULATED PROTECTIVE ORDER -6

abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13. Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not be constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

14. Upon the request of the producing party or third party, within 30 business days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the Anderson Action or the Aitkin Action (whichever is last), or the execution of any agreement between the parties to resolve amicably and settle this case or the Anderson Action or the Aitkin Action

AMENDED STIPULATED PROTECTIVE ORDER -7

(whichever is last), the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

15. This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

18. Entering into this Protective Order or agreeing to and/or producing or receiving Confidential or Attorneys' Eyes Only material or otherwise complying with the terms of this Protective Order, shall not:

    (a) prejudice in any way the rights of any party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

    (b) preclude any party from objecting to discovery that it believes to be otherwise improper; or

    (c) operate as a waiver of any attorney-client, work product, business strategy,

trade secret, or other privilege or protection.

19. Any documents labeled Confidential or Attorneys' Eyes Only pursuant to this Protective Order shall have the label removed before such documents are shown to a jury as trial exhibits or submitted into evidence in connection with trial.

## II.   PRODUCTION OF PRIVILEGED COMMUNICATIONS

1. Under Fed. R. Evid. 502, if a party at any time notifies any other party that it disclosed documents, inadvertently or otherwise—including but not limited to items, information, and/or things, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, tangible things, or discovery responses)—that are asserted to be protected from disclosure under the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or immunity from disclosure, or the receiving party discovers such disclosure, the purported disclosure shall not be deemed a waiver of the applicable privilege or protection.

2. The producing party may request, in writing, the return or destruction of documents that are privileged or otherwise immune from discovery. The receiving parties shall:

   a. immediately return and destroy all copies of the disclosed materials;

   b. provide a certification of counsel that to the best of counsel's knowledge and after a good faith effort, all disclosed materials have been returned or destroyed; and

   c. not use such items for any purpose until further order of the Court.

In all events, the return or destruction and the certification must occur within seven business days of receipt of notice or discovery of the disclosure, to the extent reasonably possible and subject to a good faith need for additional time to do so. Within seven business days of the notification that the disclosed materials have been returned or destroyed, the disclosing party shall produce a

AMENDED STIPULATED PROTECTIVE ORDER -9

privilege log with respect to the disclosed materials.

3. Paragraph II.2 does not apply if a receiving party notifies the producing party of its intent to challenge the designation of such materials as privileged and the related request to return or destroy such materials. That receiving party may, thereafter, sequester the relevant documents for the duration of the challenge, but may not use those documents for any purpose other than the challenge and may not show them to anyone except the receiving party's attorneys, the Court, and its staff until the challenge is resolved. The challenge will proceed as designated in paragraph I.11 for challenging the confidential status of a document or information

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD,** on October 6, 2021.

BARNES & THORNBURG LLP
/s/ Lindsey D.G. Dates
Lindsey D.G. Dates, *Admitted Pro Hac Vice*
Email: ldates@btlaw.com
Cristina A. McNeiley, *Admitted Pro Hac Vice*
Email: cristina.mcneiley@btlaw.com
1 N. Wacker Dr. 4400
Chicago, IL 60606
Telephone: 312.214.4855

BARNES & THORNBURG LLP
Jason T. Clagg, *Admitted Pro Hac Vice*
Email: jason.clagg@btlaw.com
Harrison Street, Suite 600
Fort Wayne, IN 46802
Telephone: 260.425.4646

HAWLEY TROXELL ENNIS & HAWLEY LLP
D. John Ashby, ISB No. 7228
Email: jashby@hawleytroxell.com
William K. Smith, ISB No. 9769
Email: wsmith@hawleytroxell.com
877 Main Street, Suite 1000
Boise, ID 83701-1617
Telephone: 208.344.6000

*Attorneys for Plaintiff*

AMENDED STIPULATED PROTECTIVE ORDER -10

MORGAN, LEWIS & BOCKIUS LLP
/s/ Seth M. Gerber

Seth M. Gerber, *Admitted Pro Hac Vice*
Email: *seth.gerber@morganlewis.com*
Debra L. Fischer, *Admitted Pro Hac Vice*
Email: *debra.fischer@morganlewis.com*
2049 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone: (310) 907-1000
Facsimile: (310) 907-1001

OWENS, McCREA LINSCOTT PLLC
Regina M. McCrea, ISB No. 6845
Email: *rmccrea@omllaw.com*
6500 N. Mineral Drive, Suite 103
Coeur d'Alene, ID 83815
Telephone: (208) 762-0203

*Attorneys for Defendant*

AMENDED STIPULATED PROTECTIVE ORDER -11

The Court has reviewed the reasons offered in support of entry of this Amended Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Amended Stipulated Protective Order in this action.

IT IS SO ORDERED.

DATED: _____          _____

AMENDED STIPULATED PROTECTIVE ORDER -12

## **EXHIBIT A**

I,_____, have been advised by counsel of record of the amended protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation, the Aitkin Action and the Anderson Action. I have read a copy of the protective order and agree to abideby its terms.

Signed: _____

Printed name: _____

Date: _____